UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ERIK HAAK BY SPECIAL
ADMINISTRATOR SHARON HAAK
and CARL AND SHARON HAAK,

    Plaintiffs,

and                                                 Case No. 17-C-128

MEDICARE AND MEDICAID c/o CENTERS FOR
MEDICARE AND MEDICAID SERVICES,
THE SCOTTS COMPANY LLC, et al,

    Subrogated Parties,

v.

KATLIN E. REYNIERS, et al.,

    Defendants.

---

## ORDER REGARDING PLAINTIFFS'
## MOTION TO COMPEL DISCOVERY

---

This case arises out of the tragic death of Erik Haak at the Winnebago Mental Health Institute, a state facility that provides care and treatment for individuals with serious mental health conditions. Erik, who was born with Down syndrome, lived with his parents, Plaintiffs Sharon and Carl Haak, until the spring of 2015 when, at age 33, he began to exhibit signs of dementia and to have intermittent explosive episodes. Because of Erik's size and his aggressive behavior toward others, including his mother, his parents were no longer able to care for him at home. They were told that Winnebago Mental Health Institute (WMHI) was the only place available to treat Erik, and he was placed there under court order pursuant to Chapter 51 of the Wisconsin Statutes on May 21,

2015.

According to the complaint, Erik was involved in an incident in the day room at Winnebago Mental Health Institute on June 5, 2015, when he hit another resident and overturned some furniture. Staff escorted him from the day room, but as he left the day room he sat down on the floor of the hallway and refused to proceed to his room. When WMHI staff attempted to get him to proceed to his room, a struggle apparently ensued and staff from other areas became involved in an attempt to physically restrain Erik. A spit hood was placed over his head and he was ultimately strapped to a transboard. At some point, staff noticed that Erik had turned purple and was not breathing. Resuscitation efforts, when attempted, failed.

Erik's estate and parents brought this action asserting state law negligence claims against the WMHI staff involved, as well as a violation of Erik's right to substantive due process under the 14th Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983. The case is presently before the Court on the Plaintiffs' motion to compel discovery. The Plaintiffs submitted an interrogatory to the Defendants requesting the names and last known addresses of all the patients who resided in Sherman Hall South, where the incident occurred, on June 5, 2015. The Defendants have refused to provide the information, absent a court order, on the grounds that they are precluded from disclosing such information by the Health Insurance Portability and Accountability Act (HIPAA). *See* 45 C.F.R. § 164.512.

The Court conducted a telephone conference concerning the motion after the parties had submitted their positions in writing on May 17, 2018. Based upon the arguments of counsel and the statements made during the course of the hearing, I am satisfied the Plaintiffs have need of information that non-WMHI employees may have of the incident that resulted in the death of Erik

Haak. At the same time, WMHI has a legal obligation to protect the privacy of its patients. On the record before me, I am unable to determine whether the Plaintiff's need for the names and last known addresses of the patients outweighs the patients' privacy interests. The court is also concerned that permitting Plaintiffs' attorney or investigator to contact the former patients about a tragic event that occurred more than two years ago may adversely impact their current mental health. There is also a question of whether the patients have a functional capacity to submit to an interview.

HIPAA permits protected health information to be revealed in response to a discovery request, if the parties agree to a protective order and have presented it to the Court or have asked the Court for a protective order. 45 C.F.R. § 164.512(e)(1). The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation and require the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. *Id.* The HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical records in litigation. *Nw. Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 925–26 (7th Cir. 2004).

Based on the foregoing, I conclude that the court and parties will be able to assess what, if any, further inquiry should be made of patients, and how such inquiry should be conducted, if some information about the patients is provided by WMHI. The court therefore directs the Defendants and/or Winnebago Mental Health Institute to prepare a list of the individual patients who resided in Sherman Hall South on June 5, 2015 and who might have been in a position to witness the events leading to Erik's death. This would include those who were in the day room at the time staff attempted to escort Erik out of the dayroom, as well as those who may have been in or had access

to the hallway where he was restrained.  The Defendants are further directed to provide, as to each such person, his or her last known address as well as the name and telephone number of any guardian, attorney, or family member who was directly involved in his or her commitment.  Finally, the list should also include each patient's diagnosis and some indication of his or her level of functioning, if such information is available.  This list should be submitted to the Court under seal on or before June 1, 2018.  A copy of the list should also be provided to counsel for the Plaintiffs, for their eyes only.  Counsel may not contact or attempt to contact any person named in the list absent further instruction from the Court.  Under no circumstances may the list or any information contained therein be disclosed other than as expressly allowed by the Court, and upon conclusion of the litigation the list shall be returned to WMHI or destroyed.  The Clerk is directed to set this matter on the Court's calendar for a further hearing on the Plaintiff's motion to held on June 8, 2018 at 9:00 a.m.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of May, 2018.

    s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court